## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*In re* Flint Water Cases.

_____/

This Order Relates To:

ALL CASES

_____/

Judith E. Levy
United States District Judge
Case no. 16-10444

## ORDER AMENDING COLLEEN CONNORS' AND MELVIN JONES' ENJOINMENTS AND DIRECTING THE CLERK'S OFFICE TO DOCKET ALL NOTICES OF APPEAL BY COLLEEN CONNORS AND MELVIN JONES AS A MISCELLANEOUS MATTER

This order addresses the prolific filings by Colleen Connors and Melvin Jones.[1] Between October 8, 2025 and January 27, 2026, Ms. Connors and Mr. Jones filed thirty-five items on the

_____

[1] Mr. Jones has indicated that he has a vision impairment and requires large print. Accordingly, this Order is issued in 16-pt. font.

Ms. Connors name sometimes appears on the docket as "Colleen Conners."

docket in the Flint Water Cases. (*See* Case No. 5:16-cv-10444.) In the same period, ninety-four of the items filed on the Flint docket relate to Ms. Connors and Mr. Jones.[2] Ms. Connors and Mr. Jones are not parties to any of the Flint water litigation.[3] They have no role whatsoever in the present case, which involves the United States and three individuals who were minor children at the time of the Flint Water Crisis. (*See* ECF No. 3425, PageID.112734–112735.)

The relentless, repetitive filings by Ms. Connors and Mr. Jones have undermined the Court's ability to manage the Flint

---

[2] This total includes this Court's orders attempting to manage the Flint docket in the face of repetitive and vexatious filings by Ms. Connors and Mr. Jones (*see* ECF Nos. 3336, 3337, 3338), as well as twenty-five orders and judgments from the Sixth Circuit dismissing appeals by Ms. Connors and Mr. Jones. (*See, e.g.*, ECF Nos. 3352, 3400, 3461.)

[3] It is the Court's understanding that Mr. Jones and Ms. Connors have submitted claims in the partial settlement of the Flint water litigation, however, neither is a party to the litigation.

docket. Since October, a *majority* of the Flint docket consists of filings by or concerning Ms. Connors and Mr. Jones.[4] Ms. Connors sometimes files as many as three items in a day. (*See, e.g.*, ECF Nos. 3385, 3387, 3389.) The filings average over fifty-five pages in length, and several are over one hundred pages. (*See, e.g.*, ECF Nos. 3429, 3435, 3440, 3458.) Since her notice of appeal on October 8, Ms. Connors alone has filed twice as many items as the actual parties to the present litigation.

Ms. Connors' and Mr. Jones' filings are duplicative and difficult to make sense of. Much of the content has a tenuous-at-best relationship to the Flint Water Crisis and no relationship at all to the present litigation. Frequent topics of discussion include allegations that neighbors are stealing Amazon packages, playing loud music, and "SET[ting] VISCIOUS and

---

[4] Between Ms. Connors' notice of appeal on October 8, 2025 (ECF No. 3312) and Ms. Connors' most recent filing (ECF No. 3462), filings by or concerning Ms. Connors and Mr. Jones make up over sixty percent of the Flint docket.

RABID DOGS UPON US," (*see, e.g.*, ECF No. 3371, PageID.111827; ECF No. 3385, PageID.112061–112069, 112072–112073; ECF No. 3415, PageID.112512; ECF No. 3444, PageID.113705), as well as information about Mr. Jones' bowel movements, personal hygiene, and the state of his undergarments. (*See, e.g.*, ECF No. 3369, PageID.111754; ECF No. 3371, PageID.111902; ECF No. 3444, PageID.113697, 113733.) A recent filing includes multiple images of Mr. Jones' diarrhea-filled underwear. (ECF No. 3453, PageID.113923–113925.)

Ms. Connors and Mr. Jones have been the subject of multiple enjoinments, in this and other cases. In *Jones v. Mich. Dept. of Civ. Rights*, Case No. 2:18-cv-11934, for example, Magistrate Judge Anthony P. Patti stayed a case brought by Mr. Jones and Ms. Connors pending a status conference to discuss their excessive filings. (No. 2:18-cv-11934, ECF No. 67.) When Mr. Jones and Ms. Connors refused to appear, Judge Marianne

O. Battani dismissed the case with prejudice for failure to prosecute. (No. 2:18-cv-11934, ECF No. 198.) Following that dismissal, Mr. Jones filed over 200 additional items on the docket. (*See* No. 2:18-cv-11934, ECF No. 443, PageID.3401.) In light of Mr. Jones' "refus[al] to comply with Court orders," his "baseless claims against the Magistrate Judge assigned to his case," and his "frivolous and untimely appeals," Judge Battani enjoined Mr. Jones from any further filings absent leave of the court. (*Id.* at PageID.3400–3401.)

Similarly, in *Jones v. Veolia North*, Case No. 5:21-cv-10937, Mr. Jones filed seventy-nine items between April 27, 2021 and May 24, 2021, as well as sending hundreds of emails to the Court and its staff. (No. 5:21-cv-10937, ECF No. 80, PageID.1251–1252.) The Court dismissed Mr. Jones' complaint with prejudice, explaining that Mr. Jones had not cited any statute that would permit the relief he requested, nor described how the defendants had violated the statutes he did cite. (*Id.* at

PageID.1258.) Like Judge Battani, this Court enjoined Mr. Jones from further filings absent leave of the Court. (*Id.* at PageID.1260.) The Court also enjoined Mr. Jones from emailing, faxing, or otherwise contacting the Court, Court staff, or any United States District Court employee absent leave of the Court. (*Id.* at PageID.1261.)

Mr. Jones and Ms. Connors are subject to similar injunctions in all Flint water litigation. On December 8, 2021, following duplicative, nonsensical, and voluminous filings on the main Flint docket, the Court enjoined Mr. Jones from making any additional filings in any of the Flint Water Cases absent leave of the Court. (ECF No. 2062, PageID.71520.) On December 2, 2022, in response to Mr. Jones' continued filings on various Flint water dockets, the Court clarified and reiterated that Mr. Jones' enjoinment applied to *all* Flint water cases. (ECF No. 2288, PageID.74203.) The Court also modified Mr. Jones' enjoinment order to prohibit Mr. Jones from using the

6

pro se portal in the Eastern District of Michigan. (*Id.* at PageID.74205.) The Sixth Circuit has also prohibited both Mr. Jones and Ms. Connors from using its pro se e-filing email box in order to curtail their vexatious filings. (October 21, 2022 Order, 6th Cir. Case No. 22-1540/1609.)

On January 30, 2023, in response to Mr. Jones' continued emails to Court staff in the Eastern District of Michigan, the Court reiterated that Mr. Jones was enjoined from emailing, faxing, or otherwise contacting Court staff, without first seeking permission to do so. (ECF No. 2338, PageID.75971.) As a sanction for violating his enjoinment, the Court imposed a fine on Mr. Jones for any additional unauthorized emails to Court staff. (*Id.*) On October 23, 2025, in response to new filings by Mr. Jones on the main Flint docket, the Court once again reiterated that Mr. Jones' was enjoined from filing on any of the Flint Water Case dockets absent leave of the Court. (ECF No. 3336, PageID.110404.)

7

On October 24, 2025, in response to a flurry of filings by Ms. Connors—consisting largely of PDFs of emails sent by Mr. Jones—the Court subjected Ms. Connors to the same restrictions as Mr. Jones. (ECF No. 3338, PageID.110424.) Specifically, Ms. Connors was enjoined from filing anything on any of the Flint Water Case dockets absent prior leave of the Court and enjoined from using the Eastern District of Michigan pro se portal. (*Id.*)

The Court's current enjoinments do not, however, apply to notices of appeal. As the Sixth Circuit has explained, a district court lacks the authority to strike or refuse to receive a notice of appeal. (*See* ECF No. 2150.) The validity of an appeal is a determination that "rests solely with th[e court of appeals] upon review after the resultant appeal has been docketed." (*Id.* (citing Fed. R. App. P. 3(a)(2)).) Accordingly, on April 11, 2022, Mr. Jones' enjoinment was modified to exclude notices of appeal.

8

(ECF No. 2154.) Ms. Connors' enjoinment also excludes notices of appeal. (*See* ECF No. 3338, PageID.110421.)

The perverse result of this exclusion is, of course, that Mr. Jones and Ms. Connors feel free to file *anything*—from sartorial critiques of Pete Buttigieg (*see* ECF No. 3444, PageID.113709–113710), to Mr. Jones' musings on the respective sexual proclivities of straight, gay, and Chinese and Vietnamese women (*see* ECF No. 3417, PageID.112565–112566), to celebrations of the death of a federal judge (*see* ECF No. 3444, PageID.113690–113691)—so long as it is labeled a "notice of appeal." And all of this in a case where neither Ms. Connors nor Mr. Jones are parties to the litigation.

The resultant impact on the Flint Water Cases docket has proven untenable. The Court recognizes that it lacks the authority to dismiss, strike, or fail to forward a notice of appeal. (*See* ECF No. 2150.) In the interest of docket management, however, the Court has the authority to order that these

9

vexatious, duplicative, and voluminous "appeals" be filed on a separate miscellaneous docket.

Accordingly, the Clerk's Office is ordered to treat any "notices of appeal" filed by Ms. Connors or Mr. Jones in the Flint Water Cases as "[m]otions filed by [enjoined] filers" under Local Rule 83.11(b)(9). Under that Rule, the "notices of appeal" are to be "docketed as a miscellaneous matter" in case 26-mc-xxxxx, rather than docketed on the Flint Water Cases docket. The "notices of appeal" should still be forwarded to the Sixth Circuit. This approach has the virtue of complying with the requirement to docket and forward notices of appeal while also allowing the Court to appropriately manage the Flint Water Cases docket as a new trial gets underway.

IT IS SO ORDERED.

Dated: January 29, 2026          s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 29, 2026.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager

11